IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MEHRAN MOHTASHAMIPOUR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-04-1664-M |
| | ) | |
| DEPARTMENT OF HOMELAND SECURITY; IMMIGRATION AND NATURALIZATION SERVICE, | ) ) ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Before the Court is respondents' Motion to Transfer to the Court of Appeals, filed August 8, 2005. The motion has been fully briefed, and based upon the parties' submissions, the Court makes its determination.

Petitioner, Mehran Mohtashamipour, is an alien who is subject to a final order of removal to his native country of Iran. Petitioner sought asylum in this country; however, on August 29, 2000, an immigration judge denied him asylum. Petitioner's subsequent appeal to the Board of Immigration Appeals ("BIA") was dismissed on November 20, 2002, and on April 4, 2003, the BIA denied his motion to reconsider and remand. Petitioner then filed a petition for review of his removal order with the United States Court of Appeals for the Tenth Circuit. On April 20, 2004, the Tenth Circuit dismissed his petition.

On December 6, 2004, petitioner filed the instant Petition for Writ of Habeas Corpus, seeking judicial review of his order of removal, and specifically review of his eligibility for derivative refugee status. *See* Petition for Writ of Habeas Corpus at 3. Respondents now move this Court to transfer this action to the Tenth Circuit.

On May 11, 2005, the President of the United States signed into law the REAL ID Act of

2005, amending the Immigration and Nationality Act. Among those statutory amendments are new procedures for judicial review of orders of removal. District courts no longer have jurisdiction to review removal orders; the courts of appeals now have exclusive jurisdiction to review such orders. Specifically, 8 U.S.C. § 1252(a)(5) provides:

> (5) Exclusive means of review
> Notwithstanding any other provision of law (statutory or nonstatutory), including section 2241 of Title 28, or any other habeas corpus provision, and sections 1361 and 1651 of such title, a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter, except as provided in subsection (e) of this section. For purposes of this chapter, in every provision that limits or eliminates judicial review or jurisdiction to review, the terms "judicial review" and "jurisdiction to review" include habeas corpus review pursuant to section 2241 of Title 28, or any other habeas corpus provision, sections 1361 and 1651 of such title, and review pursuant to any other provision of law (statutory or nonstatutory).

8 U.S.C. § 1252(a)(5). Further, the REAL ID Act's transitional rules provide that if such a case "is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed under section 242(b) . . . ." REAL ID Act, § 106(c). Accordingly, if petitioner is challenging his order of removal in this action, this Court must transfer this case to the Tenth Circuit.

In his response, petitioner asserts that his petition does not challenge the BIA's order of removal but challenges respondents' failure to timely adjudicate his Refugee Asylee Relative Petitions ("Asylee Petitions"). Having carefully reviewed the Petition for Writ of Habeas Corpus, the Court finds that petitioner is challenging the order of removal. Petitioner raises the timeliness of the adjudication of his Asylee Petitions for the first time in his response to respondents' motion

to transfer; the Petition for Writ of Habeas Corpus does not reference petitioner's Asylee Petitions at all. Accordingly, the Court finds that this action should be transferred to the Tenth Circuit.

For the reasons set forth above, the Court GRANTS respondents' Motion to Transfer to the Court of Appeals [docket no. 24] and TRANSFERS this action to the United States Court of Appeals for the Tenth Circuit.

**IT IS SO ORDERED this 20th day of January, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE